IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:16-CV-75-D

REBECCA HARDIN,                          )
                                         )
              Plaintiff,                 )
                                         )
       v.                                )        **ORDER**
                                         )
BANK OF AMERICA, N.A.,                   )
PENNYMAC LOAN SERVICES, LLC,             )
MASS MUTUAL LIFE INS. CO. c/o            )
CORNERSTONE R.E. ADV,                    )
BROCK & SCOTT PLLC, and                  )
BENJAMIN A. BARCO,                       )
                                         )
              Defendants.                )

On April 20, 2016, Rebecca Hardin ("Hardin" or "plaintiff") filed a pro se complaint against

Countrywide Home Loans, Inc., PennyMac Loan Services, LLC, Mass Mutual Life Insurance

Company, Brock & Scott PLLC, and Benjamin A. Barco (collectively, "defendants") [D.E. 1]. On

June 24, 2016, Hardin filed an amended complaint [D.E. 18]. Hardin's claims concern a foreclosure

sale that occurred after Hardin defaulted on her mortgage loan. Defendants moved to dismiss

Hardin's amended complaint [D.E. 22, 37, 40, 50] and filed memoranda in support [D.E. 23, 38, 41,

51]. Hardin responded in opposition [D.E. 32, 55, 57, 59]. As explained below, the court grants

defendants' motions to dismiss.

I.

On March 30, 2005, Hardin—then called Rebecca Bush—executed a Deed of Trust and Note

in favor of Countrywide Home Loans, Inc., ("Countrywide") to secure a mortgage loan to purchase

real property in Hubert, North Carolina. Am. Compl. [D.E. 18] ¶ 16; Compl. Ex. A [D.E. 1-1].

Under the Deed of Trust, Hardin granted Countrywide, its successors, and its assigns a power of sale.

See [D.E. 1-1] 2. On November 29, 2012, Countrywide assigned the Deed of Trust to Bank of

America, N.A. Am. Compl. ¶ 17; Compl. Ex. B [D.E. 1-2]. On March 28, 2014, Bank of America assigned the Deed of Trust to PennyMac Loan Services, LLC ("PennyMac"). Am. Compl. ¶ 18; Compl. Ex. C. [D.E. 1-3]. PennyMac is the loan's servicer. See Am. Compl. ¶¶ 24, 33–42.

After Hardin defaulted under the terms of the Note, PennyMac initiated foreclosure proceedings in Onslow County, North Carolina. On December 16, 2015, the Clerk of Court for Onslow County, North Carolina entered an order allowing the foreclosure sale. [D.E. 8-1] 2.[1] Hardin appealed the Clerk's order to the Onslow County Superior Court, which on February 15, 2016, affirmed the Clerk's findings and entered its own order allowing the foreclosure sale. [D.E. 8-2] 2. On April 20, 2016, PennyMac held a public auction for the subject property, at which PennyMac cast the highest bid. See [D.E. 8-3] 3. PennyMac then assigned its winning bid to the Secretary of Veterans Affairs, its successors, and its assigns. See id. On May 24, 2016, the property was transferred to the Secretary of Veterans Affairs via a Trustee's Deed that defendant Brock & Scott PLLC prepared. See [D.E. 8-3].

On April 20, 2016, Hardin filed suit. She asserts four claims: (1) lack of standing to foreclose against all defendants, Am. Compl. ¶¶ 26–30; (2) violation of the Fair Debt Collection Practices Act ("FDCPA") against PennyMac, id. ¶¶ 31–42; (3) slander of title against all defendants, id. ¶¶ 43–50; and (4) declaratory relief against all defendants concerning the validity of the various assignments and defendants' authority to foreclose. Id. ¶¶ 51–61. Defendants moved to dismiss the amended complaint for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim under Rule 12(b)(6). See [D.E. 22, 37, 40, 50].

---

[1] The court takes judicial notice of the foreclosure proceedings. Fed. R. Evid. 201; Papasan v. Allain, 478 U.S. 265, 268 n.1 (1986); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009); Sec'y of State for Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007); Hall v. Virginia, 385 F.3d 421, 424 n.3 (4th Cir. 2004); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989).

2

II.

A.

A motion to dismiss under Rule 12(b)(1) tests subject-matter jurisdiction, which is the court's "statutory or constitutional power to adjudicate the case." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (emphasis omitted); see Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 453 (4th Cir. 2012); Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 479–80 (4th Cir. 2005). As the party asserting that this court has subject-matter jurisdiction, Hardin must prove that subject-matter jurisdiction exists. See, e.g., Steel Co., 523 U.S. at 104; Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999); Richmond, Fredericksburg & Potomac R.R. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). In considering a motion to dismiss for lack of subject-matter jurisdiction, the court may consider evidence outside the pleadings without converting the motion into one for summary judgment. See, e.g., Evans, 166 F.3d at 647.

The court has subject-matter jurisdiction over Hardin's federal claim under 28 U.S.C. § 1331 and has supplemental jurisdiction over her state-law claims under 28 U.S.C. § 1367. Hardin's failure to cite either statute in her amended complaint does not affect subject-matter jurisdiction. See, e.g., Johnson v. City of Shelby, 135 S. Ct. 346, 347 (2014) (per curiam); Carmichael v. Irwin Mortg. Corp., No. 5:14-CV-122-D, 2015 U.S. Dist. LEXIS 66815, at *3 (E.D.N.C. May 20, 2015) (unpublished); Carmichael v. Irwin Mort. Corp., No. 5:14-CV-122-D, 2014 WL 7205099, at *2 (E.D.N.C. Dec. 17, 2014) (unpublished).

Notwithstanding 28 U.S.C. § 1331, defendants contend that the Rooker-Feldman doctrine bars Hardin's claims. The Rooker-Feldman doctrine prohibits a "party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005–06 (1994); see D.C. Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Thana v. Bd. of License Comm'rs for Charles Cty., 827 F.3d

3

314, 318–20 (4th Cir. 2016); Washington v. Wilmore, 407 F.3d 274, 279 (4th Cir. 2005). The Rooker-Feldman doctrine encompasses "not only review of adjudications of the state's highest court, but also the decisions of its lower courts." Brown & Root, Inc. v. Breckenridge, 211 F.3d 194, 199 (4th Cir. 2000) (quotation omitted). Rooker-Feldman "reinforces the important principle that review of state court decisions must be made to the state appellate courts, and eventually to the Supreme Court, not by federal district courts or courts of appeal." Id. (quotation omitted). "The doctrine [also] preserves federalism by ensuring respect for the finality of state court judgments." Washington, 407 F.3d at 279.

Rooker-Feldman is a "narrow doctrine." Lance v. Dennis, 546 U.S. 459, 464 (2006); Thana, 827 F.3d at 318–20. It applies only to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus., 544 U.S. 280, 284 (2005); see Skinner v. Switzer, 562 U.S. 521, 531–33 (2011); Thana, 827 F.3d at 318–20. For the doctrine to apply, the party seeking relief in federal court must be asking the federal court to "reverse or modify the state court decree." Adkins v. Rumsfeld, 464 F.3d 456, 464 (4th Cir. 2006) (quotation omitted); Thana, 827 F.3d at 318–20. Accordingly, the court "examine[s] whether the state-court loser who files suit in federal district court seeks redress for an injury caused by the state-court decision itself. If [the state-court loser] is not challenging the state-court decision, the Rooker-Feldman doctrine does not apply." Davani v. Va. Dep't of Transp, 434 F.3d 712, 718 (4th Cir. 2006) (footnote omitted); see Thana, 827 F.3d at 318–20.

At least with respect to Hardin's first, third, and fourth claims, Hardin impermissibly "seeks to take an appeal of an unfavorable state-court decision to a lower federal court." Lance, 546 U.S. at 466. She bases counts one, three, and four on assertions that her debt was illegally or improperly assigned, that no valid debt exists, that she was not in default, and that no defendant had standing to foreclose. Thus, Hardin asks this court to declare that no defendant has any enforceable right in

4

the property and that title instead resides in Hardin in fee simple. See Am. Compl. 12–14 (Prayer

for Relief). In order to grant this relief, this court would have to reverse the final judgment of the

Onslow County Superior Court. This court, however, lacks subject-matter jurisdiction to sit in direct

review of a North Carolina state foreclosure action. See Thana, 827 F.3d at 318–20; Brown & Root,

Inc., 211 F.3d at 199–202; Jordahl v. Democratic Party of Va., 122 F.3d 192, 202–03 (4th Cir.

1997).[2] Permitting Hardin's first, third, and fourth claims to proceed would, in essence, require this

court to hold that the state-court judgment was erroneous. Her "success on the merits would

necessitate a finding that the state court 'wrongly decided the issues before it.'" Smalley v. Shapiro

& Burson, LLP, 526 F. App'x 231, 236 (4th Cir. 2013) (unpublished) (quoting Brown & Root, Inc.,

211 F.3d at 198). Thus, the court lacks subject-matter jurisdiction over Hardin's first, third, and

fourth claims. See Thana, 827 F.3d at 318–20.

## B.

Alternatively, even if the Rooker-Feldman doctrine does not apply to any of the claims,

Hardin fails to state a claim upon which relief can be granted. A motion to dismiss under Rule

12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint

is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678

(2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md. Court of Appeals,

626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d

---

[2] See also Wiggins v. Planet Home Lending, LLC, No. 5:14-CV-862-D, 2015 WL 3952332, at *4 (E.D.N.C. June 26, 2015) (unpublished); Carmichael, 2015 U.S. Dist. LEXIS 66815, at *3–6; Carmichael, 2014 WL 7205099, at *2–3; Pitts v. U.S. Hous. & Urban Dev., No. 5:12-CV-72-D, 2013 WL 214693, at *3 (E.D.N.C. Jan. 18, 2013) (unpublished), aff'd, 546 F. App'x 118 (4th Cir. 2013) (per curiam) (unpublished); Adolphe v. Option One Mortg. Corp., No. 3:11-CV-418-RJC, 2012 WL 5873308, at *4 (W.D.N.C. Nov. 20, 2012) (unpublished); Watkins v. Clerk of Superior Court for Gaston Cty., No. 3:12-CV-033-RJC-DCK, 2012 WL 5872751, at *5–6 (W.D.N.C. July 10, 2012) (unpublished), R&R adopted, 2012 WL 5872750, at *4–6 (W.D.N.C. Nov. 20, 2012) (unpublished); Brumby v. Deutsche Bank Nat'l Trust Co., No. 1:09CV144, 2010 WL 617368, at *4–6 (M.D.N.C. Feb. 17, 2010) (unpublished), R&R adopted, 2010 WL 3219353 (M.D.N.C. Aug. 13, 2010) (unpublished).

5

298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). A court need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). However, the court "accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint." Id. Construing the facts in this manner, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. (quotation omitted).

The standard used to evaluate the sufficiency of a pleading is flexible, "and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson, 551 U.S. at 94 (quotation omitted). Erickson, however, does not "undermine [the] requirement that a pleading contain 'more than labels and conclusions.'" Giarratano, 521 F.3d at 304 n.5 (quoting Twombly, 550 U.S. at 555); see Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009); Coleman, 626 F.3d at 190; Nemet Chevrolet, Ltd., 591 F.3d at 255–56; Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

To state a claim under the FDCPA, Hardin must plausibly allege that (1) she was the object of collection activity arising from a "consumer debt" as defined by the FDCPA, (2) PennyMac is a "debt collector" as defined by the FDCPA, and (3) PennyMac engaged in an act or omission prohibited by the FDCPA. Boosahda v. Providence Dane LLC, 462 F. App'x 331, 333 n.3 (4th Cir. 2012) (per curiam) (unpublished); Campbell v. Wells Fargo Bank, N.A., 73 F. Supp. 3d 644, 648 (E.D.N.C. 2104); Johnson v. BAC Home Loans Servicing, LP, 867 F. Supp. 2d 766, 776 (E.D.N.C. 2011). Hardin fails to do so.[3]

---

[3] Hardin asserts that defendants Brock & Scott PLLC and Benjamin A. Barco are "debt collectors" but makes no allegations that either engaged in conduct that violates the FDCPA. See Am. Compl. ¶¶ 32–42. Thus, Hardin fails to plausibly allege an FDCPA claim against them.

6

Hardin fails to plausibly allege that PennyMac meets the FDCPA's definition of a "debt collector." The FDCPA "defines a debt collector as (1) a person whose principal purpose is to collect debts; (2) a person who regularly collects debts owed to another; or (3) a person who collects its own debts, using a name other than its own as if it were a debt collector." Henson v. Santander Consumer USA, Inc., 817 F.3d 131, 136 (4th Cir. 2016) (emphasis omitted). Instead of well-pled facts plausibly alleging that PennyMac meets any of these definitions, Hardin offers the legal conclusion that PennyMac is a "'debt collector[]' as defined by the FDCPA." See Am. Compl. ¶ 33. Her only other relevant allegation is that PennyMac fits the definition of "debt collector" because Bank of America assigned the debt to PennyMac while the debt was in default (although elsewhere Hardin argues that she had not defaulted). See id. ¶ 37. Yet "the default status of a debt has no bearing on whether a person qualifies as a debt collector under the threshold definition set forth in" the FDCPA. Henson, 817 F.3d at 135, 138–39. Hardin's failure to plausibly allege that PennyMac is or was acting as a "debt collector" dooms her FDCPA claim against PennyMac. See, e.g., id. at 133–34, 137–40; Wiggins, 2015 WL 3952332, at *6; Roseborough v. Firstsource Advantage, LLC, No. 1:15CV54, 2015 WL 401765, at *2 (M.D.N.C. Jan. 28, 2015) (unpublished).

Hardin also fails to plausibly allege that PennyMac engaged in any acts or omissions that the FDCPA prohibits. In her amended complaint, Hardin contends that PennyMac took certain actions to collect a debt that Hardin asserts she does not owe and that PennyMac has no right to collect. See Am. Compl. ¶¶ 38–42. But the state-court proceedings conclusively established Hardin's default on the debt and PennyMac's right to collect it. See [D.E. 8-2] 2. Collateral estoppel bars her from arguing otherwise. See Thomas M. McInnis & Assocs., Inc. v. Hall, 318 N.C. 421, 428, 349 S.E.2d 552, 557 (1986) (holding that under the doctrine of collateral estoppel, "a final judgment on the merits prevents relitigation of issues actually litigated and necessary to the outcome of the prior action in a later suit involving a different cause of action between the parties or their privies"); see also Dorsey v. Clarke, No. WMN-15-3506, 2016 WL 4205769, at *2 (D. Md. Aug.

7

10, 2016) (unpublished); Wiggins, 2015 WL 3952332, at *3, *8; Boyter v. Moynihan, No. 3:12-CV-00586-MOC, 2013 WL 1349283, at *7 (W.D.N.C. Apr. 3, 2013) (unpublished); Brumby, 2010 WL 617368, at *5. Thus, Hardin fails to state an FDCPA claim.

Having "dismissed [the one claim] over which it has original jurisdiction," the court has discretion to decline to exercise supplemental jurisdiction over Hardin's remaining state-law claims. See 28 U.S.C. § 1367(c)(3); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1998); United Mine Workers of AM. v. Gibbs, 383 U.S. 715, 726 (1966); ESAB Grp., Inc. v. Zurich Ins. PLC, 685 F.3d 376, 394 (4th Cir. 2012); Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995). The court chooses to exercise supplemental jurisdiction over the remaining state-law claims because Hardin's state-law claims are easily resolved.

In North Carolina, the Clerk of Superior Court presides over power-of-sale foreclosure actions. See N.C. Gen. Stat. § 45-21.16(d). To find that a foreclosure initiated under a power of sale is valid, the clerk of court must determine that a valid debt exists, the debtor is in default, the trustee has the right to foreclose, and sufficient notice was given. See N.C. Gen. Stat. § 45-21.16(d)-(d1); Phil Mech. Const. Co. v. Haywood, 72 N.C. App. 318, 322, 325 S.E.2d 1, 3 (1985). Any issue that the clerk decides in a foreclosure proceeding under N.C. Gen. Stat. § 45-21.16(d) is conclusive unless appealed and reversed and cannot be relitigated in a subsequent lawsuit. See In re Atkinson-Clark Canal Co., 234 N.C. 374, 377, 67 S.E.2d 276, 278 (1951); Haughton v. HSBC Bank USA, N.A., 737 S.E.2d 191, 2013 WL 432575, at *3 (N.C. Ct. App. 2013) (unpublished table decision); Douglas v. Pennamco, Inc., 75 N.C. App. 644, 646, 331 S.E.2d 298, 300 (1985); Phil Mech. Constr. Co., 72 N.C. App. at 320–23, 325 S.E.2d at 1–3.[4] A party may appeal a decision of

---

[4] See also Newton v. Nationstar Mortg. LLC., No. 7:14-CV-16-D, 2015 WL 3413256, at *2 (E.D.N.C. May 26, 2015) (unpublished); Carmichael, 2014 WL 7205099, at *4; Oketch v. JPMorgan Chase & Co., Inc., No. 3:12-CV-00102, 2012 WL 2155049, at *4 (W.D.N.C. June 13, 2012) (unpublished); Merrill Lynch Bus. Fin. Servs., Inc. v. Cobb, No. 5:07-CV-129-D, 2008 WL 6155804, at *3 (E.D.N.C. Mar. 18, 2008) (unpublished).

8

the clerk of court to the superior court, which reviews de novo the same four issues that the clerk resolved. See N.C. Gen. Stat. § 45-21.16(d1); In re Five Oaks Recreational Ass'n, Inc., 219 N.C. App. 320, 325, 724 S.E.2d 98, 101 (2012); Phil Mech. Contr. Co., 72 N.C. App. at 322, 325 S.E.2d at 3. In conducting its review, the superior court also may consider evidence of legal defenses tending to negate any of the clerk's findings required under N.C. Gen. Stat. § 45-21.16. See In re Foreclosure of Deed of Trust, 334 N.C. 369, 374–75, 432 S.E.2d 855, 859 (1993). The superior court's review is limited to these findings, and the superior court has no equitable jurisdiction to enjoin foreclosure on any ground other than those stated in N.C. Gen. Stat. § 45-21.16. See id. 334 N.C. at 374, 432 S.E.2d at 859; In re Helms, 55 N.C. App. 68, 71–72, 284 S.E.2d 553, 555 (1981).

Hardin's claims rest upon the premise that the debt was improperly or illegally assigned, that no valid debt exists, that Hardin was not in default, or that no defendant had standing to foreclose. The Onslow County Superior Court, however, resolved these issues against Hardin in the foreclosure proceeding. Thus, collateral estoppel bars Hardin from relitigating these issues, and her state-law claims fail. Thomas M. McInnis & Assocs., Inc, 318 N.C. at 428, 349 S.E.2d at 557.[5] Moreover, to the extent that Hardin failed to raise any of these issues as a defense in the underlying foreclosure proceeding, the doctrine of res judicata bars Hardin from raising them here. See Goins v. Cone Mills Corp., 90 N.C. App. 90, 93, 367 S.E.2d 335, 336–37 (1988) (noting that res judicata bars "every ground of recovery or defense which was actually presented or which could have been presented in the previous action"); see also Wiggins, 2015 WL 3952332, at *3 n.3; Newton, 2015 WL 3413256, at *3 n.2.

---

[5] See also, Wiggins, 2015 WL 3952332, at *3; Newton, 2015 WL 3413256, at *2–3; Carmichael, 2014 WL 7205099, at *4; Boyter, 2013 WL 1349283, at *3–6; Le v. Bank of Am., N.A., No. 3:12CV678-RJC-DSC, 2013 WL 139763, at *2 (W.D.N.C. Jan. 10, 2013) (unpublished), R&R adopted, 2013 WL 632298 (W.D.N.C. Feb. 20, 2013) (unpublished); Adolphe, 2012 WL 5873308, at *9; Mixon v. Wells Fargo Home Mortg., No. 3:12-CV-77-RJC-DLH, 2012 WL 1247202, at *1–3 (W.D.N.C. Apr. 13, 2012) (unpublished); Friscia v. Bank of Am., N.A., 775 S.E.2d 36, 2015 WL 3490083, at *3–5 (N.C. Ct. App. 2015) (unpublished table opinion).

9

III.

In sum, the court GRANTS defendants' motions to dismiss [D.E. 22, 37, 40, 50], and DISMISSES plaintiff's amended complaint. The court DISMISSES defendants' motions to dismiss the complaint [D.E. 7, 14] as moot.

SO ORDERED. This _3_ day of January 2017.

JAMES C. DEVER III
Chief United States District Judge